UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEAN E. BLANCK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CAUSE NO. 3:07-CV-235 WL |
| v. ) | |
| ) | |
| EDDIE BUSS, and BARRY NOTHSTINE, ) | |
| ) | |
| Defendants. ) | |

OPINION AND ORDER

Dean E. Blanck, a *pro se* prisoner, submitted a complaint under 42 U.S.C. § 1983 which was removed to this court by the defendants. Pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Blank alleges that he is housed on administrative segregation without a periodic review of his status. He alleges that this violates state law, and the United States Constitution. Violations of state law are not actionable under § 1983. *Id*. The federal constitution does not require periodic review of administrative segregation status because convicted inmates can be placed and retained in segregation without due process. *See Sandin v. Conner*, 515 U.S. 472, 485 (1995).

Mr. Blank alleges that he does not have access to a deposit box for legal mail. Because of this, he alleges that he gives his mail to a guard who ultimately transmits it to the U.S. Postal Service. There is no federal right to a deposit box. Mr. Blank has access to the courts and that is all that is required. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("[A]n inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense.")

Mr. Blank alleges that his mail is frequently delayed for several days, but a brief delay is not actionable. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). ("[M]erely alleging an isolated delay or some other relatively short-term, non content-based disruption in the delivery of inmate reading materials will not support, even as against a motion to dismiss, a cause of action grounded upon the First Amendment." (citation omitted)).

He alleges that the forms from the library are formatted incorrectly and have incorrect citations. He alleges that he has no access to a typewriter, staplers, staples, hole punchers, or binders. He alleges that there are delays in obtaining envelopes. He does not allege, and based on this complaint it would not be reasonable to infer, that he has suffered any actual injury as a result. "[A]

plaintiff must demonstrate that state action hindered his or her efforts to pursue a nonfrivolous legal claim and that consequently the plaintiff suffered some actual concrete injury." *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000).

Mr. Blank alleges that on November 1, 2006, he delivered for mailing a notice of appeal that did not reach the courthouse until November 15, 2006. In *Blanck v. Lundsford*, 3:05-CV-572 (N.D. Ind. filed September 9, 2005), the court received a notice of appeal from Mr. Blanck on November 15, 2006 that was dated November 1, 2006. In that case, Mr. Blank did not suffer any actual injury as a result of the late mailing because he was denied leave to proceed *in forma pauperis*, in part, because he is "three struck" pursuant to the provisions of 28 U.S.C. § 1915(g) and because the appeal was substantively not in good faith. Both of those reasons are adequate independent grounds for requiring prepayment of the appellate filing fee. Ultimately, Mr. Blanck did not pay the filing fee and the case was dismissed. Therefore he was not prejudiced by any delay in delivering that notice of appeal to the courthouse.

Mr. Blanck alleges that prison library has a 2004 legal directory. He alleges that as a result of the directory being out of date, he has spent over $100.00 writing to attorneys at the wrong address. Though it is unclear that having a three year old legal directory qualifies as a State deprivation of property without due process as prohibited by the Fourteenth Amendment, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act

3

(Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due.")

      Mr. Blanck alleges that his appellate lawyer wrote a letter to him dated December 14, 2006 which he received a week later on December 21, 2006. The letter asked him to call immediately in regard to the preparation of a reply brief. He alleges that he was unable to call in time. He does not allege, and based on this complaint it is not reasonable to infer that he was prohibited from calling. Rather he only alleges that he was delayed. Inmates certainly have the right to communicate with counsel, but they may not demand immediate use of the telephone.

> The very object of imprisonment is confinement. Many of the liberties and privileges enjoyed by other citizens must be surrendered by the prisoner. An inmate does not retain rights inconsistent with proper incarceration. And, as our cases have established, freedom of association is among the rights least compatible with incarceration. Some curtailment of that freedom must be expected in the prison context.

*Overton v. Bazzetta* , 539 U.S. 126, 131 (2003) (citations omitted). His counsel could have called the prison to arrange a personal or telephonic meeting. If speaking with Mr. Blank was critical to the reply brief, counsel could have sought an enlargement of time. In theory, Mr. Blank may have an ineffective assistance of counsel or a legal malpractice claim, but neither of those actions can properly be addressed in this prisoner civil rights lawsuit.

      Mr. Blanck alleges that he is terminally ill. He has attached a letter from his doctor stating that the G.I. Clinic at Wishard Memorial Hospital has "determined that, due to the advanced stage cirrhosis and brain injury surgery, Offender Blank [is] no longer an eligible candidate nor a suitable

subject for the HCV treatment regimen" for his Hepatitis C. Docket # 1-2 at 1. He goes on to state that Mr. Blanck requires medical care that is unavailable to him. The G.I. clinic report is also attached. Mr. Blanck makes no specific claim or request related to these statements, but it is reasonable to infer that he is alleging being denied medical treatment. The doctors' medical reports confirm this, he is being denied medical treatment. That said, the report explains that his medical condition renders him ineligible for treatment. Mr. Blanck does not allege that his doctors are wrong nor that he is qualified for the treatment it appears he may be seeking. Mr. Blanck states that he is terminally ill. Simply put, there are limits to the capacity of medical science. His doctors have determined that his condition does not qualify for treatment. Even if there could be other treatments or experimental therapies, "[u]nder the Eighth Amendment, [a prisoner] is not entitled to demand specific care. She is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997). Additionally, the only defendants here are prison administrators.

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno v. Daley*, 414 F.3d 645, 656 (7th Cir. 2005) (ellipsis omitted) *citing Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004). Here, the defendants are not in a position to determine Mr. Blanck's eligiblity for treatment, nor to overrule the doctor's decisions.

Finally, Mr. Blanck alleges that he is being incarcerated illegally, but he does not ask for his release, which is only available pursuant to a writ of habeas corpus. Rather he asks for monetary

5

compensation. Nevertheless, where the successful prosecution of a civil rights case would undermine

or imply the invalidity of a criminal prosecution, the civil rights case cannot proceed without proof "that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-7 (1994). Here, a monetary award based on a finding that Mr. Blanck's incarceration was invalid would imply the invalidity of that conviction, therefore this claim must be dismissed without prejudice.

For the foregoing reasons, pursuant to 28 U.S.C. §1915A, the claim based on being illegally incarcerated is **DISMISSED WITHOUT PREJUDICE** and all other claims are **DISMISSED WITH PREJUDICE**.

SO ORDERED.

ENTERED: May   23  , 2007

                            s/William C. Lee
                            William C. Lee, Judge
                            United States District Court